IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| In Re: CHRISTOPHER DEAN WILEY  * | |
| Debtor  * | |
|  * | Case No.: 16-15361 |
| * * * * * * * * * *  * | (Chapter 13) |
|  * | |
| COUNCIL OF UNIT OWNERS OF | |
| WATERFORD LANDING CONDOMINIUM  * | |
| Movant  * | |
| v.  * | |
| CHRISTOPHER DEAN WILEY  * | |
| Debtor  * | |

* * * * * * * * * * * * * * * *

MOTION FOR RELIEF FROM AUTOMATIC STAY
(Re: 2 Banyan Wood Court, Unit 304, Essex, Maryland 21221)

Now comes Movant Council of Unit Owners of Waterford Landing Condominium, by and through its counsel, John M. Oliveri, Esq., Timothy J. Larsen, Esq., and Oliveri & Associates, LLC, and, pursuant to Sections 362 and 1301 of the Bankruptcy Code, files this motion for relief from automatic stay so as to permit Movant to foreclose against certain property in the above-captioned cause and/or pursue a civil action against Debtor, and as grounds therefor states as follows:

1.     On or about April 20, 2016, Debtor filed a petition for relief under the provisions of Chapter 13 of the Bankruptcy Code.

2.  At the time of the filing of the said petition, Debtor had an interest in certain real property known as 2 Banyan Wood Court, Unit 304, Essex, Maryland 21221 (the "Property"), which property is a part of the Debtor's bankruptcy estate.

3.  Movant is a secured creditor of the Debtor holding a claim at the time of filing of approximately $4,232.68, as set forth in the proof of claim filed by Movant.

4.  Debtor is required to pay the regular monthly association assessments to Movant as the same become due under the terms of the recorded By-Laws of Waterford Landing Condominium.  <u>See</u> Exhibit "A."

5.  Debtor is in default to movant for the post-petition payments due for May 2016 through May 2017, as well as assessments accelerated through the fiscal year ending December 31, 2017, in accordance with Section 11 U.S.C. § 523(a)(16). Said post-petition arrearage presently amounts to $4,776.05 plus expenses, including interest and reasonable attorney's fees related to the post-petition default only as of date of this motion, as more fully set forth in Exhibit "B" attached hereto.  The amount owed does not include post-petition attorney fees and costs unrelated to the filing of this motion which are secured against the property.

6.  Said default is a material breach of Debtor's duties under Section 523 of the Code and constitutes sufficient cause for modification of the automatic stay in these proceedings so as to permit movant to foreclose against the Property and/or pursue a civil action against Debtor.

7.  Movant will not be filing a brief or other memoranda in support of this Motion for Relief from Automatic Stay.  Rather, Movant will rely upon the facts as set forth in this Motion for Relief from Automatic Stay.

WHEREFORE, the premises considered, Movant respectfully requests that the court modify the stay of proceedings herein so as to permit the Movant to foreclose against the property and/or pursue a civil action against Debtor for post-petition debt only, and grant such other and further relief as may be proper.

/s/ John M. Oliveri
John M. Oliveri, #23218
Timothy J Larsen, #30106
Oliveri & Associates, LLC
635 North Bestgate Road, Suite 200
Annapolis, Maryland 21401
(410)295-3000 (Phone)
(410) 295- 3003 (Fax)

## POINTS & AUTHORITIES

11 U.S.C., Sections 362 and 1326.
Local Bankruptcy Rule 3070-1(a).
Record herein.

/s/ John M. Oliveri
John M. Oliveri, #23218
Timothy J. Larsen, #30106